Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRESENCIANA PITA CARDOSO,

*Plaintiffs*,

-against-

J & L NAIL INC. D/B/A ISSA NAIL, HUA XIANG LIU and JUAN LIN a/k/a Lin Juan,

*Defendants*.

-----------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No: 26-cv-9473**

Cresenciana Pita Cardoso ("Plaintiff(s)") by and through their attorney, Colin Mulholland, Esq., as against J & L Nail Inc. d/b/a Issa Nail, HUA XIANG LIU and JUAN LIN a/k/a Lin Juan, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of J & L Nail Inc. d/b/a Issa Nail that was owned and operated by Defendants J & L Nail Inc. d/b/a Issa Nail, HUA XIANG LIU and JUAN LIN a/k/a Lin Juan.

2. Defendants own, operate, and/or controlled a nail salon located at 152 W 72nd Street New York, NY 10023.

3. Plaintiff Cresenciana Pita Cardoso was employed by Defendants as a nail technician and general laborer.

4. At all times relevant to this Complaint, Plaintiff(s) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5. Further, Defendants failed to pay Plaintiff(s) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6. Plaintiff(s) now bring(s) this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

**THE PARTIES**

9. Plaintiff Cresenciana Pita Cardoso is an adult individual residing in Kings County NY. Plaintiff Cresenciana Pita Cardoso was employed by Defendants from approximately May 2023 through December 2024.

10. J & L Nail Inc. d/b/a Issa Nail is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 152 W 72nd Street New York, NY 10023.

11. Each J & L Nail Inc. d/b/a Issa Nail is a closely held corporation operated by Defendants HUA XIANG LIU and JUAN LIN a/k/a Lin Juan.

12. Defendant HUAXIANG LIU had the authority to hire and fire Plaintiff and all other employees.

13. Defendant HUAXIANG LIU implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

14. Defendant Huaxiang Liu set Plaintiff's pay rate without a premium for her overtime hours.

15. Defendant Huaxiang Liu set and altered Plaintiff's schedules by setting her entry and exit times.

16. Defendant Huaxiang Liu had the final word on all decisions at the nail salon including which executory contracts to enter into for the business, including but not limited to the lease.

17. Defendant Huaxiang Liu supervised the operations of the nail salon including the conditions of Plaintiff's employment on a regular basis and reviewed Plaintiff's work performance at the business.

18. Defendant Huaxiang Liu controlled the payroll records and pay practices of the nail salon.

19. Defendant Huaxiang Liu controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

20. Defendant Huaxiang Liu was the person who controlled payroll funds for employees including Plaintiff

21. Defendant JUAN LIN a/k/a Lin Juan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JUAN LIN a/k/a Lin Juan is sued individually in her capacity as an officer and/or agent of Defendant Corporation.

22. Defendant JUAN LIN a/k/a Lin Juan possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

23. Defendant JUAN LIN a/k/a Lin Juan implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

24. Defendant JUAN LIN a/k/a Lin Juan had the authority to hire and fire Plaintiff and all other employees.

25. Defendant JUAN LIN a/k/a Lin Juan controlled the payroll records and pay practices of the nail salon.

26. Defendant JUAN LIN a/k/a Lin Juan controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

27. Defendant JUAN LIN a/k/a Lin Juan was the person who controlled payroll funds for employees including Plaintiff.

28. Defendants willfully and maliciously failed to keep proper time and pay records in order to thwart Plaintiffs' ability to vindicate their due wages.

## FACTUAL ALLEGATIONS

29. Defendants are associated and joint employers, act in the interest of each other.

30. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

31. Defendants are experienced nail salon operators and willfully and maliciously failed to pay Plaintiff correctly as an intentional business practice.

32. Defendants willfully and maliciously failed to maintain proper records in order to hide a paper trail of their wage theft so as to thwart the Plaintiff's ability to vindicate their rights.

33. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

34. Defendants jointly employed Plaintiff(s) and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of each Plaintiff.

35. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

36. In the years 2024 through 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at J & L Nail

Inc. d/b/a Issa Nail, such as files, nail polish, lights, napkins, were produced outside the State of New York.

*Plaintiff Cresenciana Pita Cardoso*

38. Plaintiff Cresenciana Pita Cardoso was employed by Defendants from approximately May 2023 through the end of December 2024.

39. Throughout her employment with defendants, Plaintiff Cresenciana Pita Cardoso was employed at 152 W 72nd Street New York, NY 10023 as a nail technician and general laborer.

40. Plaintiff Cresenciana Pita Cardoso regularly handled goods in interstate commerce, such as nail files and nail polish and other supplies produced outside the state of New York.

41. Plaintiff Cresenciana Pita Cardoso's work duties required neither discretion nor independent judgment.

42. Plaintiff Cresenciana Pita Cardoso regularly worked in excess of 40 hours per week.

43. From approximately May 2023 through early December 2024, Plaintiff Cresenciana Pita Cardoso typically worked the typical schedule for an average of between 45 and 47 hours per week: for the Defendants working 11-12 hour shifts from 10:30 A.M. until between 10:00 P.M. and 11:00 P.M., four to five days per week.

44. Through December 2024, Plaintiff Cresenciana Pita Cardoso typically worked the typical schedule for an average of 25 hours per week in two shifts from 10:30 A.M. to between 10:00 P.M. and 11:00 P.M.

45. Defendants paid Plaintiff Cresenciana Pita Cardoso the following fixed day rates without an overtime premium for hours worked over 40:

a. 2023: $95.00

b. 2024: $95.00

46. No notification was given to Plaintiff regarding overtime and minimum wages under the FLSA and NYLL.

47. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

48. Defendants never provided Plaintiff Cresenciana Pita Cardoso, any notice in English and in Spanish (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49. Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing her to suffer the prolonged underpayment of wages by the Defendants.

50. Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document their income and employment history.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

51. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

52. Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

53. Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff(s) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

55. Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

56. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

57. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

58. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

59. Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

60. Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff(s) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

62. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

63. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

64. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

65. Plaintiff(s) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

66. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

68. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

69. Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

70. Plaintiff(s) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

71. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

72. Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of

hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

73. Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

74. Plaintiff(s) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

75. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

76. Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

78. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

79. With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

80. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and

overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff(s);

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
October 29, 2026

By: *<u>/s/ Colin Mulholland</u>*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff(s)*